UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Cr. No. 14-16 JRT |
| | ) |
| Plaintiff, | ) INFORMATION (FILED UNDER SEAL) |
| | ) |
| v. | ) 18 U.S.C. § 1341 |
| | ) 18 U.S.C. § 1343 |
| | ) 18 U.S.C. § 1349 |
| PAUL CALDER LE ROUX, | ) 18 U.S.C. § 1956(h) |
| a/k/a "Johan Smit," | ) 18 U.S.C. § 1956(a)(1)(A)(i) |
| | ) 21 U.S.C. §§ 331(a), 333(a)(2), 352(a) |
| | ) 18 U.S.C. § 982(a)(1) & (b) |
| Defendant | ) 21 U.S.C. § 853 |

THE UNITED STATES CHARGES THAT:

<u>COUNT ONE</u>
(Conspiracy to Violate the Federal Food, Drug, and Cosmetic Act)

1. Beginning in or before May 2004, the exact date being unknown to the United States, and continuing until on or about September 2012, in the District of Minnesota and elsewhere, defendant

**PAUL CALDER LE ROUX,**
a/k/a "Johan Smit" ("LE ROUX"),

conspired and agreed, together and with others known and unknown to the United States, to commit an offense against the United States, that is, introduce and cause the introduction and delivery for introduction into interstate commerce from various locations in the United States, outside the District of Minnesota, to various locations in the United States, including the District of Minnesota, with the intent to defraud and mislead, prescription drugs, including the prescription drugs Fioricet (butalbital/acetaminophen/caffeine, and also known as Isocet), Soma (carisoprodol), and Ultram (tramadol), which were misbranded within the meaning of Title 21, United States Code, Section 353(b)(1), in that they were dispensed without the prescription of a

SCANNED
JAN 1 7 2014
U.S. DISTRICT COURT MPLS

practitioner licensed by law to administer such drug, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

2. The object of the conspiracy was for LE ROUX and his co-conspirators to obtain substantial revenues and profits by illegally offering for sale and selling – without valid prescriptions – prescription drugs, including Fioricet, Soma, and Ultram, via Internet websites and telephone call centers, and causing them to be shipped to consumers in the United States and elsewhere.

3. It was part of the conspiracy that LE ROUX and his co-conspirators, owned, operated, were affiliated with, and used Internet websites to market prescription drugs offered for sale through various businesses collectively known as RX Limited. RX Limited's marketing websites were linked via the Internet to RX Limited's Internet infrastructure and operating systems, and enabled customers to place drug orders over the Internet, or by various toll-free numbers listed on RX Limited's marketing websites, without a physical examination or doctor-patient relationship. LE ROUX was the founder and manager of RX Limited, and directed co-conspirators who handled the day-to-day management of the Internet pharmacy operation.

4. It was part of the conspiracy that customers chose the type, quantity, and dosage of prescription drugs the customer wished to purchase, and paid for drug orders with credit cards. RX Limited did not verify the information customers provided, including their identities, ages, and qualifying medical conditions, and RX Limited's customers did not provide medical records or any prior prescription to RX Limited.

5. It was further part of the conspiracy that LE ROUX and his co-conspirators recruited and paid physicians and pharmacies ("RX Limited physicians" and "RX Limited pharmacies") to authorize sham prescriptions and fraudulently dispense prescription drugs. In

virtually all instances, RX Limited physicians had no contact with such customers, whether face-to-face, on the telephone, or by electronic mail, and retained no records of their purported "consultations."

6. LE ROUX and his co-conspirators also arranged and paid for the drugs to be shipped to customers through various shipping accounts with commercial carriers and the United States Postal Service. In doing so, LE ROUX and his co-conspirators unlawfully dispensed, caused to be dispensed, and aided and abetted the dispensing of prescription drugs to customers who lived throughout the United States, without (a) verifying the customer's medical complaint, (b) having an adequate patient history, (c) performing a mental or physical exam, (d) using appropriate diagnostic or laboratory testing, and (e) providing a means to monitor the customer's response to the medication.

7. It was further part of the conspiracy that through RX Limited's marketing websites, LE ROUX and his co-conspirators made various misrepresentations to customers, including that the websites provided a "valid means for patients to receive treatment" and obtain prescription medication by completing an online questionnaire without a physical examination, knowing this to be a false representation and knowing that the RX Limited scheme constituted an illegal method of dispensing, distributing, and obtaining prescription drugs in the United States. LE ROUX and his co-conspirators also used numerous aliases when interacting with RX Limited physicians and pharmacies, and with various other entities, including shipping services, banks, and telephone companies, in order to mask the true ownership and operation of RX Limited.

8. In furtherance of the conspiracy and to effect the objects thereof, LE ROUX and his co-conspirators committed the following overt acts, among others, in the State and District of Minnesota and elsewhere, as described in the chart below, in that they unlawfully caused to be

dispensed, and aided the distribution of, the prescription drugs listed below, from an RX Limited pharmacy located outside Minnesota, to an undercover law enforcement investigator in Minnesota who, on or about the dates listed below, posed as an RX Limited customer and completed RX Limited's customer questionnaire by accessing the websites and customer-service telephone number listed below, without having a valid doctor-patient relationship with an RX Limited physician:

| DATE | PRESCRIPTION DRUG DISPENSED | WEBSITE OR TELEPHONE NUMBER | PHYSICIAN | DISPENSING PHARMACY LOCATION |
|---|---|---|---|---|
| 07/18/2008 | 90 Isocet tablets | www.all-the-best-rx.com | L.R. | McMinnville, Tennessee |
| 08/27/2008 | 95 Fioricet tablets | www.cheaprxmeds.net | P.T. | Monroe, Wisconsin |
| 08/28/2008 | 24 generic Fioricet tablets | www.allpharmmeds.com | K.B. | Oshkosh, Wisconsin |
| 12/02/2008 | 90 Fioricet tablets | www.allpharmmeds.com | E.K. | Oshkosh, Wisconsin |
| 03/18/2010 | 90 generic Fioricet tablets | www.buymedscheap.com | E.K. | Oshkosh, Wisconsin |
| 03/18/2010 | 90 generic Fioricet tablets | www.my-online-drugstore.com | L.R. | Chicora, Pennsylvania |
| 07/15/2010 | 90 generic Fioricet tablets | www.preapprovedrx.com | O.A. | Oshkosh, Wisconsin |
| 09/02/2010 | 89 Tramadol tablets | www.matrixmeds.com | A.K. | Mobile, Alabama |
| 09/09/2010 | 90 generic Fioricet | www.your-pills.com | A.K. | Dallas, Texas |
| 11/22/2011 | 30 generic Fioricet | www.speedyrxdrugs.com | K.B. | Hellertown, Pennsylvania |
| 01/06/2012 | 30 Fioricet tablets | www.123onlinepharmacy.com | D.O. | Easton, Pennsylvania |
| 01/19/2012 | 90 generic Fioricet tablets | www.epropecia.com | E.K. | Elmhurst, New York |
| 02/24/2012 | 91 generic Fioricet tablets | 801-742-8160 | E.K. | Kissimmee, Florida |
| 03/15/2012 | 91 generic Fioricet tablets | 801-742-8160 | E.L. | Chapmanville, West Virginia |
| 03/15/2012 | 180 Tramadol tablets | 801-742-8160 | E.K. | Jacksonville, Florida |
| 05/25/2012 | 90 generic Fioricet tablets | www.fioricetdosage.com | E.K. | Elmhurst, New York |
| 09/14/2012 | 90 generic Fioricet tablets | www.your-pills.com | E.K. | Elmhurst, New York |

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### (Conspiracy to Commit Mail Fraud and Wire Fraud)

1. The factual allegations in paragraphs 1 through 8 of Count One are incorporated by reference and realleged as though fully set forth herein.

2. Beginning in or around May 2004, the exact date being unknown, through in or around September 2012, in the District of Minnesota, and elsewhere, defendant

**PAUL CALDER LE ROUX,
a/k/a "Johan Smit" ("LE ROUX"),**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly, combine, conspire, confederate and agree with others, known and unknown to the United States, to commit certain offenses, that is:

(a) to knowingly and with intent to defraud, devise and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did deposit and cause to be deposited matter to be sent and delivered by U.S. mail and private and commercial interstate carrier, and did knowingly cause to be delivered certain matter by U.S. mail and private and commercial interstate carriers, for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1341; and

(b) to knowingly and with intent to defraud, devise and intend to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and transmit and cause to be transmitted certain wire communications in interstate

commerce, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1343.

3.    It was the purpose of the conspiracy for LE ROUX and his co-conspirators to obtain substantial revenues and profits by illegally offering for sale and selling prescription drugs to consumers in the United States by means that were outside of the usual course of professional medical practice and without a legitimate medical purpose.

4.    The manner and means, among others, of this conspiracy are set forth in paragraphs 1 through 7 of Count One, and are incorporated by reference and realleged as if fully set forth herein.

5.    On or about the following dates listed in the chart below, in the District of Minnesota and elsewhere, LE ROUX and his co-conspirators, for the purpose of executing the scheme and artifice described above, and attempting to do so, knowingly caused to be delivered to Minneapolis, within the State and District of Minnesota, by the United States Postal Service and commercial interstate carrier, according to the directions thereon, the following items:

| DATE | PRESCRIPTION DRUG MAILED |
| --- | --- |
| 07/18/2008 | 90 Isocet tablets from a pharmacy in Tennessee |
| 08/27/2008 | 95 Fioricet tablets from a pharmacy in Wisconsin |
| 08/28/2008 | 24 generic Fioricet tablets from a pharmacy in Wisconsin |
| 12/02/2008 | 90 Fioricet tablets from a pharmacy in Wisconsin |
| 03/18/2010 | 90 generic Fioricet tablets from a pharmacy in Wisconsin |
| 03/18/2010 | 90 generic Fioricet tablets from a pharmacy in Pennsylvania |
| 07/15/2010 | 90 generic Fioricet tablets from a pharmacy in Wisconsin |
| 09/02/2010 | 89 Tramadol tablets from a pharmacy in Alabama |
| 09/09/2010 | 90 generic Fioricet tablets from a pharmacy in Texas |
| 11/22/2011 | 30 generic Fioricet tablets from a pharmacy in Pennsylvania |
| 01/06/2012 | 30 Fioricet tablets from a pharmacy in Pennsylvania |
| 01/19/2012 | 90 generic Fioricet tablets from a pharmacy in New York |
| 02/24/2012 | 91 generic Fioricet tablets from a pharmacy in Florida |
| 03/15/2012 | 91 generic Fioricet tablets from a pharmacy in West Virginia |
| 03/15/2012 | 180 Tramadol tablets from a pharmacy in Florida |
| 05/25/2012 | 90 generic Fioricet tablets from a pharmacy in New York |
| 09/14/2012 | 90 generic Fioricet tablets from a pharmacy in New York |

6.    On or about the following dates listed in the chart below, in the District of Minnesota and elsewhere, LE ROUX and his co-conspirators, for the purpose of executing the scheme described above, and attempting to do so, did knowingly cause to be transmitted, from websites hosted and telephone call centers located outside the State and District of Minnesota, to Minneapolis, within the State and District of Minnesota, by means of wire communications in interstate commerce, certain writings, signs, signals, and sounds identified below:

| DATE | ORIGIN | DESCRIPTION |
| --- | --- | --- |
| 07/18/2008 | www.all-the-best-rx.com | Marketing website viewed by S.J. in Minnesota stated that the website provided a valid method of obtaining prescription drugs |
| 03/18/2010 | www.buymedscheap.com | Marketing website viewed by S.J. in Minnesota stated that the website provided a valid method of obtaining prescription drugs |
| 03/18/2010 | www.my-online-drugstore.com | Marketing website viewed by S.J. in Minnesota stated that the website provided a valid method of obtaining prescription drugs |
| 07/15/2010 | www.preapprovedrx.com | Marketing website viewed by S.J. in Minnesota stated that the website provided a valid method of obtaining prescription drugs |
| 09/09/2010 | www.your-pills.com | Marketing website viewed by S.J. in Minnesota stated that the website provided a valid method of obtaining prescription drugs |
| 11/22/2011 | www.speedyrxdrugs.com | Marketing website viewed by S.J. in Minnesota stated that the website provided a valid method of obtaining prescription drugs |
| 01/06/2012 | www.123onlinepharmacy.com | Marketing website viewed by S.J. in Minnesota stated that the website provided a valid method of obtaining prescription drugs |
| 01/19/2012 | www.epropecia.com | Marketing website viewed by S.J. in Minnesota stated that the website provided a valid method of obtaining prescription drugs |
| 02/24/2012 | RX Limited customer service telephone number 801-742-8160 | Telephone call between S.J. in Minnesota and RX Limited customer service representative |
| 03/15/2012 | RX Limited customer service telephone number 801-742-8160 | Telephone call between S.J. in Minnesota and RX Limited customer service representative |

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE NOTICE

1. The factual allegations in Count Two of this Information are hereby realleged and incorporated by reference, as if fully set forth herein, for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. Pursuant to Federal Rule of Criminal Procedure 32.2, defendant LE ROUX is hereby notified that if convicted of the offense alleged in Count Two, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), his interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds obtained, directly or indirectly, as a result of such violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation.

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture, in the form of a money judgment.

All in accordance with Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); Rule 32.2(a), Federal Rules of Criminal Procedure.

## COUNT 3
### (Conspiracy to Launder Money)

1. The factual allegations in paragraphs 1 through 8 of Count One, and paragraphs 1 through 6 of Count Two, are incorporated by reference and realleged as though fully set forth herein.

2. Beginning in or before May 2004, the exact date being unknown, and continuing until at least September 2012, in the District of Minnesota and elsewhere,

**PAUL CALDER LE ROUX,**
a/k/a "Johan Smit" ("LE ROUX"),

conspired and agreed, together and with others known and unknown to the United States, to transport, transmit, and transfer funds, from a place outside the United States, that is, Hong Kong, to places in the United States, including the District of Minnesota, with the intent of promoting the carrying on of specified unlawful activities, that is, mail fraud and wire fraud, in violation of Title 21, United States Code, Sections 1341 and 1343.

3. It was the purpose of the conspiracy for LE ROUX and his co-conspirators to transport, transmit, and transfer funds, to a place in the United States from and through a place outside the United States, with the intent of promoting the carrying on of specified unlawful activities, in violation of Title 21, United States Code, Sections 1956(a)(2)(A), in order to obtain large quantities of funds, thereby enriching themselves, in exchange for fraudulently distributing and dispensing prescription drugs.

4. It was a part of the conspiracy that LE ROUX and his co-conspirators caused wire transfers to be made from financial institutions outside of the United States to United States bank accounts belonging to and associated with RX Limited physicians and pharmacists, in payment for the physicians' approval of RX Limited's customers' prescription drug orders, and

in payment for the wholesale cost of drugs and dispensing fees for RX Limited fulfillment pharmacies.

5. It was also part of the conspiracy that LE ROUX and his co-conspirators caused wire transfers to be made from financial institutions outside of the United States to the bank accounts of the owners and operators of RX Limited's marketing websites ("marketing affiliates"), at financial institutions in the United States, in payment for the marketing affiliates posting websites on the Internet.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE NOTICE

1. The allegations of Count 3 of this Indictment are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States pursuant to the provisions of Title 18, United States Code, Section 982.

2. Pursuant to Fed. R. Crim. P. Rule 32.2(a), the defendant LE ROUX is hereby notified that, if convicted of the offense alleged above, the defendant shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), the following property:

(a) All right, title, and interest in any and all property involved in the conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956, and all property traceable to such property, including the following: (i) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; (ii) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and (iii) all property used in any manner or part to commit or to facilitate the commission of those violations.

(b) A sum of money equal to the total amount of money involved in the conspiracy to

commit money laundering.

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant shall forfeit substitute property, if, by any act or omission of the defendant, the property, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All in accordance with Title 18, United States Code, Section 982(a)(1) and (b), and Rule 32.2(a), Federal Rules of Criminal Procedure.

DATED: January 13, 2014

JOHN MARTI
ACTING UNITED STATES ATTORNEY

LINDA I. MARKS
SENIOR LITIGATION COUNSEL
PERHAM GORJI
TRIAL ATTORNEY
CONSUMER PROTECTION BRANCH
U.S. DEPARTMENT OF JUSTICE